IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ELLISE FREE, *Petitioner Employee,*

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

WESTAT, *Respondent Employer,*

LIBERTY MUTUAL INSURANCE, *Respondent Carrier.*

No. 1 CA-IC 19-0041
FILED 07-23-2020

Special Action - Industrial Commission
ICA Claim No. 20162-370187
Carrier Claim No. WC197-A96921
The Honorable Paula R. Eaton, Administrative Law Judge

**AFFIRMED**

COUNSEL

Snow Carpio & Weekley PLC, Phoenix
By Dennis R. Kurth
*Counsel for Petitioner Employee*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Lundmark Barberich LaMont & Slavin PC, Phoenix
By Lisa M. LaMont
*Counsel for Respondent Employer and Carrier*

---

## OPINION

Judge Jennifer M. Perkins delivered the opinion of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1 Does an employee's average monthly wage include her unused per diem food allowance? Petitioner Ellise Free argues that it does. The Administrative Law Judge ("ALJ") who heard her case for the Industrial Commission of Arizona ("ICA") issued an award rejecting that view. Because we find no legal justification for Free's argument, we affirm the award.

## FACTUAL AND PROCEDURAL HISTORY

¶2 Respondent Westat gathers health information for the federal government by interviewing people in their homes. Free began working as a field interviewer for Westat in 2014. She started in a part-time, no-travel position but was transferred to a full-time position in 2016 that required her to travel for all but four weeks a year. Her compensation included an hourly wage plus a per diem allowance for meals and incidentals. Westat paid vendors directly for Free's lodging expenses and car rental, and reimbursed her gasoline expenses using a location-based formula.

¶3 As for Free's meal expenses, Westat paid her a per diem based on the federal government's location-based reimbursement rates. For example, when Free was working in Worcester, Massachusetts, she received $59 per day, which amounted to $13 for breakfast, $15 for lunch, $26 for dinner, and $5 for incidentals. Free did not have to submit receipts for food or itemize her spending to receive the per diem. She received weekly checks for seven days of per diem expenses, and was free to spend or keep her per diem allowance. Free testified that she never used her full per diem allowance because she took advantage of free meals offered by the hotels in which she stayed. At the hearing in these proceedings, she estimated that she spent roughly $175 on food in a typical week ($25 per day), but she did not explain how she calculated this amount and provided no receipts or records.

¶4 In July 2016, Free injured her shoulder while working. She filed a worker's compensation claim, and it was accepted. Free challenged the initial calculation of her average monthly wage. After a hearing, Westat appealed the award to this court. We set aside the award for multiple reasons, including because the record lacked the evidence to review whether Free's wages included the per diem allowance. *Westat/Liberty Mutual Ins. v. Industrial Comm'n*, 1 CA-IC 17-0037 at *7, ¶ 17 (Ariz. App. May 1, 2018) (mem. decision).

¶5 The ICA held another hearing at which the ALJ heard testimony from Jacqueline Hogan, Westat's Vice President and project director, Free, and a co-worker. Hogan explained Free's compensation structure, as reflected above. The ALJ found the per diem allowance was an employment-related expense rather than wages. In seeking administrative review of that award, Free argued that her unused per diem allowance should be counted as wages, thereby raising her average monthly wage. The ALJ summarily rejected that argument and affirmed the award. Free then filed this special action statutory appeal. We have jurisdiction to review an ICA award under A.R.S. §§ 12-120.21(A)(2), 23-951(A) and Arizona Rule of Procedure for Special Actions 10.

## DISCUSSION

¶6 In reviewing a worker's compensation award, we defer to the ALJ's factual findings but review questions of law de novo. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14 (App. 2003), *as corrected* (Feb. 25, 2003). Here, the material facts are undisputed and Free presents a single legal issue: Should her unused per diem allowance be included in her average monthly wage for purposes of the worker's compensation law? Free argues that because the amount she actually spent on food was so much less than her per diem allowance, our prior decisions require that the excess be treated as wages. Her contention, however, stretches our prior decisions beyond their holdings.

¶7 When a worker cannot work because of a compensable injury, he or she receives compensation based on "average monthly wage at the time of injury." A.R.S. § 23-1041(A). This court considered whether per diem travel expenses based on a graduated mileage rate could be counted as wages in *Moorehead v. Indus. Comm'n*, 17 Ariz. App. 96, 99 (1972). We noted that "wage" is not defined by statute. *Id.* at 98. We also cited with approval Professor Larson's statement that "wages" should include "anything of value received as consideration" for work and anything that constitutes "real economic gain" to the employee. *Id.* at 100 (quoting 2

Arthur Larson, Workmen's Compensation Law § 60.12 (1969)). Under that principle, not all payments to an employee are wages because "'wages' [do] not include amounts paid to the employee to reimburse him for employment-related expenditures of a nature which would not be incurred but for his employment. Such payments are simply not intended as compensation for services rendered." *Moorehead*, 17 Ariz. App. at 99. Accordingly, when an employer has reimbursed a worker for employment-related expenses, such payments may be counted as wages only upon a showing "that the payments are more than sufficient to reimburse the employee for the work-related expense so that in effect the excess can be considered as extra compensation to the workman for his services performed." *Id.* Because the travel per diem there was "an approximately reasonable reimbursement for the expense involved," we held the ICA did not err by excluding it from the wages calculation. *Id.* at 100.

¶8        We applied *Moorehead* to reach a different conclusion in *Pinetop Truck & Equip. Supply v. Indus. Comm'n*, 161 Ariz. 105 (App. 1989), where approximately 45% of a logger's compensation was designated by the employer as reimbursement for "saw rental." *Id.* at 108. We noted a verbal employment agreement tying compensation to the diameter of trees cut down by a worker. That amount was then paid in two separate checks, one for wages and the other, varying from 40-45% of the total, for expenses that the employer denominated "chain saw, tools, and other supplies." *Id.* at 106. The ALJ determined that this compensation structure was a sham and we agreed, stating that "expenses are not to be excluded from a calculation of the average monthly wage unless they bear a reasonable relationship to the actual work-related expense incurred." *Id.* at 108. We noted that "a reasonable payment for saw rental, duly contracted for, might legitimately be excluded from wages. . . ." *Id.*

¶9        We again addressed the issue in *Felix v. Indus. Comm'n*, 193 Ariz. 152 (App. 1998), where a plasterer's purported compensation included a reimbursement of "equipment procurement" expenses that nearly equaled his hourly wage. *Id.* at 154, ¶ 7. Applying *Pinetop*, we found "the tool allowance paid to [the plasterer] was not reasonably related to the replacement cost of the tools that he supplied." *Id.* at 156, ¶ 20. And our Supreme Court has found, in a different context, that "a set per diem rate, so long as it is reasonably related to actual expenses incurred, does not constitute a salary." *Randolph v. Groscost*, 195 Ariz. 423, 426, ¶ 11 (1999).

¶10       Arizona case law therefore establishes that expense reimbursements are excluded from average monthly wages if they are

reasonably related to the worker's costs, but that unjustified, excessive or sham reimbursements may qualify as wages regardless of their label.

¶11 The meal per diem Westat paid Free was a work-related expense. The record here contains no evidence of excessive, unjustified reimbursements when compared to the reasonable expenses of a worker in her position. Westat's reimbursement rates, based on the federal government's per diem rates, reasonably approximated the cost of three meals per day based on the relevant geographical location. Because those rates therefore are objectively reasonable compared to reasonable costs, we hold they may not be included as average monthly wages.

¶12 This is not to say that a claimant can never demonstrate that a per diem reimbursement should be included in calculation of her average monthly wage. When a claimant demonstrates that a particular per diem rate is objectively unreasonable, she may then have the opportunity to prove that all or some portion of the per diem should be included in her average wage calculation. But we hold that, as a matter of law, the U.S. General Services Administration's location-based rates are objectively reasonable. Adopting Free's proposed analysis would allow a strange scenario in which two workers, paid the same hourly amount and receiving the same federal per diem rate, could have two different average wages based merely on their dietary choices.

¶13 Even if Free had shown that her per diem was objectively unreasonable, she failed to demonstrate that her reimbursement payments unreasonably exceeded her work-related expenses. She presents no evidence, beyond her vague and self-serving testimony, as to how much she spent in any given week. Without more, we cannot say that the per diem she received exceeded expenses to the extent that the ALJ should have included the difference as average monthly wages.

¶14 The ALJ did not err by declining to include Free's per diem in the calculation of her average monthly wage.

### CONCLUSION

¶15 A worker cannot unilaterally increase her average monthly wage with proof of an unused per diem allowance when that allowance is objectively reasonable as an approximation of the worker's actual,

reasonable costs. We affirm the award.

